Opinion filed April 16, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 16,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00083-CR 

                                                    __________

 

                                      ALBERT JIMENEZ, Appellant,

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Gaines
County, Texas

 

                                                  Trial
Court Cause No. 06-3650

 



 

                                              M
E M O R A N D U M   O P I N I O N

Albert
Jimenez was indicted for felony driving while intoxicated.  The jury found
Jimenez guilty, found that he used a deadly weapon, found both enhancement
allegations to be true, and assessed his punishment at confinement for life. 
We affirm.

                                                             I. 
Background Facts








While
driving to Hobbs, New Mexico, Ernest Barrientez noticed another vehicle swerving
into oncoming traffic.  Barrientez called the police, and Lea County Sheriff
Deputy Rod Coffman[1] responded. 
Deputy Coffman stopped the vehicle and identified Jimenez as the driver of the
vehicle.  Lea County Deputy Sheriff Jeff Dyer then arrived at the scene.  As
Deputy Coffman approached Deputy Dyer to discuss the stop, Jimenez fled in his
vehicle.  The officers pursued, and the ensuing chase continued through Lea
County to Yoakum County and, finally, Gaines County.  Jimenez crashed his
vehicle into a utility pole.  Jimenez was taken to the hospital.  A blood test
revealed a blood alcohol content of .18 grams of alcohol per 100 milliliters of
blood.

                                                                       II. 
Issues

Jimenez
challenges his conviction with a single issue, contending that the trial court
abused its discretion when it refused to grant a mistrial after evidence of an
additional felony conviction was introduced during the guilt/innocence phase of
the trial.

                                                        III. 
Analysis

The
indictment alleged that Jimenez had been previously convicted of driving while
intoxicated three times for jurisdictional purposes.  The indictment also
alleged two additional driving while intoxicated convictions for enhancement
purposes.  Jimenez pleaded not true to the jurisdictional convictions.  The
State called Lieutenant Chad Hallum with the Seminole Police Department to
prove the jurisdictional convictions.  When the State asked Officer Hallum
about one of the enhancement convictions, Jimenez objected.  The court excused
the jury and had an extended conversation with counsel.  The State argued that
it was necessary to utilize the enhancement conviction to link Jimenez to the
jurisdictional convictions because it had fingerprints whereas the
jurisdictional convictions did not and because in the enhancement conviction
the court found that two of the convictions the State was relying upon for
jurisdiction in this case were true.  The court made no specific ruling, and
the jury was reseated.  The State then asked Officer Hallum:

Q.        All
right.  I think I had asked you what offense he was charged with in that State=s Exhibit Number 8, I
believe.

 

A.        Yes.  It=s
a DWI felony, third or more.

 

Q.        And,
looking at the indictment, does it allege in that case that the defendant had
previously been convicted of felony DWI a couple of times?

 

A.        It
does say of DWI, but I don=t
believe of another felony.








 

Q.        Did I say a felony?

 

A.        Yes.

 

Q.        Has
he been convicted of DWIs on previous occasions?

 

A.        Yes, that is correct.

 

Q.        Looking
at the third paragraph of that, could you tell us what it alleges?

 

A.        And
it is further presented in and to said Court that prior to the 9th day of
November AD 1997, the said Albert Jimenez, on the 2nd day of June AD 1993, in
the 106th District Court of Gaines County, Texas, in Cause Number 93-2577, the
said B

 

Q.        Hold
on a second.  I think I want another paragraph.

 

Jimenez objected
and requested that the jury be instructed to disregard this testimony.  The
trial court instructed the jury to disregard Officer Hallum=s last answer.  Jimenez
then moved for a mistrial.  The trial court denied the motion for mistrial. 
Officer Hallum=s
testimony resumed.  State=s
Exhibit No. 8 was a felony DWI conviction from Lubbock County.  Officer Hallum
testified that in the Lubbock County case Jimenez had been accused of having
two prior DWI convictions and that he had pleaded true to this allegation.  The
State then asked:

Q.        Looking
at the third paragraph on that page, does it show that the trial court
specifically found that the defendant in that case was the same person who had
previously been convicted of DWI as alleged in the enhancement paragraphs?

 

A.        Yes,
it does. 

 

Q.        And
could you read that third paragraph for us?

 

A.        The
Court further finds that the defendant is the one and the same defendant named
in enhancement paragraph number 1, and the Court finds as true that he has been
previously duly convicted of a felony offense of driving while intoxicated in
Cause Number  93-2577, in the 106th Judicial District Court of Gaines County,
Texas, that had become final prior to the commission of the felony offense in
this case.








The
Court further finds that the defendant is one and the sameB 

 

Jimenez objected
and asked the trial court to instruct the jury to disregard Athat particular statement.@  The trial court instructed
the jury to disregard Aanything
that has been read about some previous case that has just been referred to by
number in the 106th Court.@ 
Jimenez asked for a mistrial, but the trial court denied his motion.

Jimenez
acknowledges that the jury was properly allowed to hear evidence of the three
jurisdictional DWI convictions but contends that evidence of any other DWI
conviction would be inadmissible and that, because the State referenced a prior
conviction in the same court where he was currently being tried, the
prejudicial effect of this evidence could not be cured with an instruction.

We
review a trial court=s
denial of a motion for mistrial under an abuse of discretion standard.  Hawkins
v. State, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004).  Only highly
prejudicial and incurable errors will necessitate a mistrial.  Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).  Improper testimony may
be cured by a trial court=s
instruction to disregard, except in extreme cases where it appears that the
evidence is clearly calculated to inflame the minds of the   jurors and is of
such character as to suggest the impossibility of withdrawing the impression
produced on their minds.  Gardner v. State, 730 S.W.2d 675, 696 (Tex.
Crim. App. 1987).  The law is well settled that courts are to presume the jury
will follow an instruction to disregard.  See Wesbrook v. State, 29
S.W.3d 103, 115-16 (Tex. Crim. App. 2000).








Here,
the record does not support a departure from this presumption because the
evidence of guilt was overwhelming.  Jimenez fled the scene after he was stopped
by the officers,[2] crashed his
vehicle into a utility pole, and had a blood alcohol level of .18.  The
improper testimony did not contribute to the jury=s
finding of guilt.  Further, the prejudicial effect of the improper testimony,
as contrasted with the admissible evidence of prior convictions, is slight. 
Officer Hallum testified without objection that appellant had been convicted of
felony DWI in Lubbock County and that he had been convicted of DWIs on two
previous occasions.  The record does not support any contention that the
erroneous reference to another felony DWI charge in Gaines County was designed
to inflame the jury or that it played any significant role in the jury=s determination of Jimenez=s guilt. 

After
reviewing the nature and extent of the evidence against Jimenez and the trial
court=s prompt
instruction to disregard the improper testimony, we conclude that the
instruction cured any harm from Officer Hallum=s
testimony.  The trial court did not abuse its discretion in denying Jimenez=s motion for a mistrial. 
We overrule appellant=s
issue on appeal.

                                                                    IV. 
Holding 

 The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

April 16, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









     [1]Although Coffman is
currently serving as Sheriff of Lea County, he was Deputy Sheriff at the time
of the offense.





     [2]Jimenez was
separately charged with evading arrest with a vehicle.  We have affirmed that
conviction.  See Jimenez v. State, 

No. 11-08-00084-CR (Tex. App.CEastland April 16, 2009).